## MATTER OF REYES-GOMEZ

### In Deportation Proceedings

### A-19261843

*Decided by Board January 26, 1973*

Neither the Immigration and Nationality Act, nor the regulations thereunder, nor the demands of due process require that an immigration officer assigned to perform the duties of a trial attorney in deportation proceedings shall be, in fact, an attorney at law.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

ON BEHALF OF RESPONDENT: Dan P. Danilov, Esquire
3828 Seattle First Nat'l Bank Bldg.
Seattle, Washington 98104
(Brief filed)

This case is before us on appeal from an order of a special inquiry officer finding the respondent deportable and granting him the privilege of voluntary departure. The appeal will be dismissed.

Respondent is a 42-year-old unmarried male alien, a native and citizen of Mexico, who entered the United States at San Ysidro, California on February 14, 1972. On August 14, 1972 an order to show cause in deportation proceedings was issued, charging that respondent had entered without inspection and was deportable under section 241(a)(2) of the Immigration and Nationality Act. Hearing was scheduled August 28, 1972. Counsel for respondent filed a prehearing motion with the special inquiry officer, requesting him to disqualify any person from representing the Immigration and Naturalization Service at the hearing who is not a member of the Bar. The special inquiry officer denied the motion in a formal order dated August 28, 1972, holding that the motion was premature as no trial attorney had as yet been assigned to the case and there was no showing the case would entail complex issues.

At the hearing before the special inquiry officer, respondent

admitted the truth of the factual allegations of the order to show cause that he is an alien, a native and citizen of Mexico, and that he had entered on or about February 14, 1972. Counsel objected to further questions as to the remaining allegations of the order to show cause and the District Director designated Harold C. Halvorson, a Service employee who is not an attorney, to conduct further inquiry. Counsel objected to Mr. Halvorson's appearing for the Service on the ground that he was not a lawyer. The special inquiry officer overruled the objection. Mr. Halvorson then proceeded to examine the respondent, who admitted that he was not inspected by an immigrant inspector when he made his entry on February 14, 1972. In his oral order at the close of the hearing, the special inquiry officer found the respondent deportable as charged and granted him the privilege of voluntary departure on or before September 28, 1972. This appeal followed.

The essence of the respondent's position on appeal is that he was denied due process because the Service's case against him was presented by a layman rather than a lawyer. Counsel points to 8 CFR 242.9[1], which governs the use of trial attorneys, and asserts that a layman not trained in the law cannot be a trial attorney. There is nothing in the regulation which restricts the term "trial attorney" to members of the bar. Quite the contrary, the opening sentence of 8 CFR 242.9(a) refers to the assignment of "an additional immigration officer . . . to perform the duties of a trial attorney." The term "immigration officer" is defined in section 101(a)(17) of the Act to mean "any employee or class of employees of the Service or of the United States designated by the Attorney General, individually or by regulation, to perform the functions of an immigration officer specified by this Act or any section

---

[1] § 242.9 Trial attorney.

(a) *Authority.* When an additional immigration officer is assigned to a proceeding under this part to perform the duties of a trial attorney, he shall present on behalf of the Government evidence material to the issues of deportability and any other issues which may require disposition by the special inquiry officer. The trial attorney is authorized to appeal from a decision of the special inquiry officer pursuant to § 242.21 and to move for reopening or reconsideration pursuant to § 242.22.

(b) *Assignment.* The district director shall assign a trial attorney to every case within the provisions of § 242.16(c), to every case in which an unrepresented respondent is incompetent or under 16 and is not accompanied by a guardian, relative or friend, and to every case in which the special inquiry officer requests assignment of a trial attorney. He shall also assign a trial attorney to every case in which the Commissioner approved the submission of nonrecord information (§ 242.17(a)). In his discretion, whever he deems such assignment necessary or advantageous, the district director may assign a trial attorney to any other case at any stage of the proceeding.

thereof." Section 242(b) of the Act, which authorizes the assignment of "an additional immigration officer . . . to present evidence on behalf of the United States" in deportation proceedings, contains no provision restricting such assignments to members of the bar. Thus, nothing stated in the statute or the regulations requires that a person acting as a trial attorney be in fact an attorney-at-law.

Neither can such a requirement be spelled out from the demands of due process. The immigration officer who acts as trial attorney is engaged in prosecuting, and not adjudicative, functions. By the specific terms of section 242(b), the statutory provision for assignment of an additional immigration officer and the definition of his duties may not "be construed to diminish the authority conferred upon the special inquiry officer conducting such proceedings." Separation of investigative and prosecuting from adjudicative functions is assured. If an immigration officer assigned to prosecute a deportation proceeding lacks adequate expertise because he is not a lawyer, in a realistic sense it is the Government's case, and not that of the alien, which is prejudiced by his inadequacy.

Counsel sets forth three examples of how an alien's case can be damaged if a non-lawyer trial examiner appears. First, he asserts, in such adversary proceedings the alien's attorney may be reluctant to bring the full weight of his expert training and legal knowledge against a layman without such advantages. Such hypothetical forebearance on the part of counsel flies in the face of reality. It has been our experience that aggressive counsel appearing for aliens in deportation proceedings are more likely to take advantage of, rather than to yield before, inadequacy on the part of their adversaries in the Service.

Second, argues counsel, in view of the many fine issues presented in deportation cases, the lack of any real competition between the ill-matched Service representative and the superbly-equipped attorney for the alien may induce a feeling of complacency on the part of the latter, with the result that the alien's case may not be adequately presented. We reject this hypothesis, too, as unrealistic. Based on our own experience, we very much doubt that counsel representing aliens in deportation proceedings rely to any extent upon the intellectual stimuli provoked by their scintillating Service adversaries to goad them into effective representation of their clients. Certainly, the demands of due process do not go so far as to require that the Service not only prove its case, but do so in a manner sufficiently stimulating to counsel to induce him to do his job.

Finally, counsel contends that the Service, in appearing by a

trial attorney who is not actually a lawyer, may downgrade the whole proceeding by the subtle implication that its case is so "cut and dried" that it does not call for a trained attorney, and that the special inquiry officer may be subconsciously influenced by this suggestion in arriving at his decision. The short answer is that the special inquiry officer must base his decision on the evidence of record before him and not on the Service's characterization, express or implied, of the strength of its case.

On appeal before us, counsel does not challenge the special inquiry officer's fact findings or his conclusion that the respondent is deportable as charged. Counsel points to no objectionable question put to the respondent by Mr. Halvorson and to no erroneous ruling by the special inquiry officer. Despite the hypothetical possibilities of prejudice suggested by counsel, he points to nothing in this record to indicate that the respondent was actually prejudiced in any way by Mr. Halvorson's conduct of the case. As a Mexican native who entered so recently, the respondent is ineligible for any form of discretionary relief from deportation except voluntary departure. The special inquiry officer granted him that privilege. We fail to see how he was adversely affected by either the manner in which the proceedings were conducted or the judgment rendered by the special inquiry officer.

Our review of the record satisfies us that the hearing was fair in all respects and that respondent's deportability has been established by evidence which is clear, convincing and unequivocal.

**ORDER:** The appeal is dismissed.

*Further order*: The respondent is permitted to depart from the United States voluntarily to any country of his choice and at his own expense within 31 days of the date of this order or within any extension beyond that period as may be granted by the District Director; and upon his failure so to depart when and as required, the special inquiry officer's order for his deportation to Mexico shall become immediately effective without further notice or proceedings.